NEW JERSEY ELECTION LAW ENFORCEMENT COMMISSION, COMPLAINANT–RESPONDENT, v. HUNTERDON COUNTY DEMOCRATIC COMMITTEE, RESPONDENT, AND ROBERT B. REED, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 2, 1981—Decided March 11, 1981.

234

Before Judges SEIDMAN, ANTELL and LANE.

*William G. Tauriello,* argued the cause for appellant.

*Gregory E. Nagy,* Staff Counsel, argued the cause for respondent New Jersey Election Law Enforcement Commission (*Edward J. Farrell,* General Counsel, on the brief).

PER CURIAM.

The issue involved here is whether the treasurer of a county committee of a political party is personally liable for the statutory penalty for the late filing with the New Jersey Election Law Enforcement Commission (ELEC) of an annual report required by *N.J.S.A.* 19:44A–8.

The New Jersey Campaign Contributions and Expenditures Reporting Act, *N.J.S.A.* 19:44A–1 *et seq.*, provides in pertinent part, *N.J.S.A.* 19:44A–8, that each state, county and municipal committee of a political party shall file with ELEC, not later than March 1 of each year, an annual report of all contributions received and expenditures made during the previous calendar year. The treasurer of the committee is required by section 8 to certify to the correctness of the report. Enforcement of the act is the responsibility of ELEC, which also promulgates such regulations as are necessary to implement the act. *N.J.S.A.* 19:44A–5 and 6(b).

Penalty provisions are contained in *N.J.S.A.* 19:44A–21 and 22. Under the first of these sections, not relevant here, the willful violation of the reporting requirements of the act constitutes a misdemeanor. The second section provides, to the extent pertinent in this case, that any person *charged with the responsibility under the terms of the act for the filing of any report* who "fails, neglects or omits to file any such report" at the time required by law is liable to a penalty of not more than $1,000 for the first offense.

There is no dispute with respect to the facts involved in this matter. Robert Reed was designated in June 1978 to be the treasurer of the Hunterdon County Democratic Committee. The annual report for that year, certified by Reed as correct, was filed with ELEC on March 15, 1979. ELEC issued a notice of proposed hearing and complaint against the committee and its treasurer for the late filing. Following a hearing before an administrative law judge, an Initial Decision was issued in which he found that both had violated the statute, though nonwillfully,

and ordered that they be reprimanded and a joint penalty of $100 imposed. With respect to Reed, the judge stated that the act "[a]dmittedly ... [did] not specifically require that a county committee treasurer file an annual report on behalf of the committee; this onus is placed on the committee itself." Nevertheless, he found that Reed violated the act "by not certifying the ... annual report until March 12, 1979."

Reed filed exceptions to the Initial Decision with ELEC. Subsequently, ELEC issued its Final Decision and Order adopting the findings and conclusions of the administrative law judge and imposing the same penalty. The Commission, however, reached the additional conclusion that "[t]he treasurer is a person charged with responsibility under the ... Act for filing annual reports and for providing timely certification...." This appeal followed.

■ The thrust of the appeal is that under § 8 it is the committee that is required to file the annual report and that the treasurer's obligation is to certify to its correctness, and that § 22 exposes to a penalty only a "person charged with the responsibility ... for the filing of any reports or other documents required to be filed." The argument advanced by Reed is that since he was not the person charged by the act with the responsibility for filing the report he cannot be penalized for the late filing. We agree.

■ ELEC contends that the intent of § 8 is that the committee act through its treasurer in respect to the filing of reports. But the Legislature could have placed upon the treasurer the duty to file the reports and also made the late certification of a report a violation of the statute. It is significant that *N.J.S.A.* 19:5–5 (presumably superseded by *N.J.S.A.* 19:44A–1 (see § 24)), specifically provided, with respect to the receipt and disbursement of moneys by any state, county or municipal committee of a political party, for the filing of a report thereof with the secretary of state or county clerk by *the person who has the custody of the moneys contributed.* A penal statute " 'is to be

strictly construed and will not be held to create a liability when the words of the enactment are not clear in fixing it.' *State v. Mundet Cork Corporation*, 8 *N.J.* 359, 365 (1952)." *Neeld v. Giroux*, 24 *N.J.* 224, 229 (1957).

Accordingly, insofar as it applies to appellant, the Final Decision and Order of the New Jersey Election Law Enforcement Commission is reversed.